FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 26 2017 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID HOSANNAH,

                Plaintiff,

    -against-

**ORDER**
16-CV-1045 (JFB)(AYS)

SHERIFF MICHAEL SPOSATO, *et al.*,

                Defendants.
----------------------------------------------------------------X
JOSEPH F. BIANCO, District Judge:

      Proceeding *pro se*, plaintiff David Hosannah ("Hosannah" or "Plaintiff") filed this action against unnamed Nassau County Criminal Supreme Court officers and the Nassau County Correctional Center ("NCCC") (collectively "defendants"). Before the Court is a Report and Recommendation ("R&R," ECF No. 32) from Magistrate Judge Shields recommending that the Court grant defendants' motion to dismiss (ECF No. 18) with leave to replead. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated July 5, 2017, at 36–37.) Defendants served the R&R on plaintiff on January 31, 2017 and February 1, 2017 (*see* ECF Nos. 60-61), and the date for filing any objections has accordingly since expired. Plaintiff has not filed any objections to the R&R. Therefore, for the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety and grants defendants' motions to dismiss plaintiff's claims against them. The dismissal is without prejudice as to his due process claim of deliberate indifference and his First Amendment claim alleging deprivation of his free exercise of religion. The remaining federal claims are dismissed with prejudice, and the Court declines to exercise supplemental jurisdiction of the state law claims at this juncture.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objections to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiff's claims against them (ECF No. 18) is granted. The dismissal is without prejudice as to his due process claim of deliberate indifference and his First Amendment claim alleging deprivation of his free exercise of religion. The remaining federal claims are dismissed with prejudice, and the Court declines to exercise supplemental jurisdiction of the state law claims at this juncture. The amended complaint must be filed with the Court by September 5, 2017.

Failure to file the amended complaint may result in dismissal of the case with prejudice for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: July 26, 2017
Central Islip, New York